■ NORTH OAKS PHARMACY, INC., Respondent, v NORTH SHORE TOWERS ASSOCIATES, Defendant and Third-Party Plaintiff-Appellant. TRANE COMPANY, Third-Party Defendant. (And Other Actions.)—In an action, *inter alia*, to rescind a lease on the ground of fraud in the inducement, which was consolidated with a summary proceeding pending in the Civil Court of the City of New York, the appeal is from stated portions of a judgment of the Supreme Court, Queens County, entered May 2, 1977, which, after a nonjury trial, *inter alia*, rescinded the lease agreement in question and awarded damages to respondent. (A cross appeal by the respondent has apparently been abandoned.) Judgment reversed, on the facts, with costs and new trial granted, as to all issues. In our opinion, the record is too uncertain to permit the judgment to stand. There was testimony by Mr. Heller, respondent's agent, that prior to entering into its lease agreement with the appellant, the latter's agent, Mr. Antler, had represented to him that there were 1,000 signed leases in the apartment complex. The respondent then went ahead and entered into the lease for its pharmacy, as it determined that it could run a profitable business with a prospective market of 1,000 families to draw upon. However, Mr. Heller subsequently discovered from appellant's renting agent that there were actually only 200 families in residence. In our opinion a new trial is warranted because Mr. Heller's testimony makes it unclear whether at the time Mr. Antler made the representation there were only 200 signed leases or whether there were 1,000 signed leases, with only 200 families having actually moved in. On the latter state of the facts, additional proof might be necessary in order to sustain respondent's action. Accordingly, as the record is too uncertain for us to determine this crucial fact, a new trial must be granted (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5522.05, and cases cited therein). Martuscello, J. P., Titone, Gulotta and Hawkins, JJ., concur.